IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harvey Hoover,                                  :
                    Petitioner                  :
                                                :    No.  609 C.D. 2017
            v.                                  :
                                                :    Submitted:  October 27, 2017
Pennsylvania Board of                           :
Probation and Parole,                           :
                    Respondent                  :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  December 14, 2017


            Harvey Hoover (Petitioner) petitions for review of the April 28, 2017 decision of the Pennsylvania Board of Probation and Parole (Board), which dismissed his petition for administrative review and affirmed the determination to recommit him as a convicted parole violator and extend his maximum sentence expiration date.


**Facts and Procedural History**

            Petitioner was originally sentenced to a term of incarceration of 6 to 15 years following his plea of guilty to a charge of manslaughter in 2007.  His original maximum sentence date was October 10, 2022.  Petitioner was released on parole in 2013 following expiration of his minimum sentence.  In August 2014, Petitioner was arrested and charged with public drunkenness after he was involved in a fight with his

ex-girlfriend who obtained a protection from abuse order as a result of the incident. Petitioner was arrested again in November 2014 following a home invasion and charged with robbery, aggravated assault, simple assault, and criminal mischief. During this home invasion, Petitioner stomped the victim in the face and torso, punched the victim, and ransacked the victim's apartment. (Certified Record (C.R.) at 1-16, 41.)

The Board issued a warrant to commit and detain Petitioner. Petitioner remained in the county prison unable to post bail. On October 1, 2015, Petitioner pled guilty to simple assault and disorderly conduct in return for having all other charges *nolle prossed*. The Board thereafter issued a notice of charges and a parole revocation hearing. Petitioner, however, waived his right to a hearing and admitted to the aforementioned convictions. By decision dated December 2, 2015, the Board recommitted Petitioner as a convicted parole violator to serve 24 months backtime pending his return to a state correctional institution. The Board noted that it relied on Petitioner's admissions as evidence for its decision. Additionally, while the normal backtime for a simple assault was only 9 to 15 months, the Board noted an aggravating reason of continued violent convictions for the increased backtime. The Board did not modify Petitioner's maximum sentence date in this order. (C.R. at 17-68.)

Petitioner submitted an administrative remedies form alleging that he was convicted of a summary offense of disorderly conduct and that simple assault was not a violent conviction. Having received no response from the Board, Petitioner sent a letter dated March 29, 2016, inquiring as to his appeal. The Board thereafter issued a decision dated April 13, 2016, which modified its December 2, 2015 decision by deleting the reference to the offense of disorderly conduct. Petitioner again submitted an administrative remedies form alleging that the Board should have reconsidered the

2

imposition of 24 months backtime in light of the removal of the disorderly conduct offense. By decision mailed May 18, 2016,[1] the Board affirmed its previous decision. The Board noted that the recommitment for the disorderly conduct conviction was a typo that was corrected by its April 13, 2016 decision. The Board also concluded that the enhanced 24 months backtime was justified in light of Petitioner's continued violent convictions. While acknowledging that simple assault was not a statutory violent offense, the Board stated that the offense was still assaultive in nature and, therefore, could be classified as violent.[2] (C.R. at 69-80.)

By decision dated September 1, 2016, the Board recalculated Petitioner's maximum sentence date to November 24, 2024. Petitioner submitted an administrative remedies form challenging this recalculation in excess of 24 months. Petitioner noted that the time period between his parole and arrest on new criminal charges was only 13 months and, hence, his recalculation should be limited to this time period. By decision mailed April 28, 2017,[3] the Board affirmed its previous decision. The Board explained that at the time Petitioner was paroled on October 10, 2013, he had 3,287 days remaining on his maximum sentence. The Board noted that it chose not to grant Petitioner any credit for time spent at liberty on parole. The Board also noted that Petitioner did not become available to serve his original sentence until January 7, 2016, and adding 3,287 days to that date results in a new maximum sentence date of

---

[1] The Board does not state the reason for the extensive delay in responding to Petitioner's administrative appeal.

[2] The Board appears to have mailed an identical decision to Petitioner dated May 31, 2016.

[3] Again, the Board does not state the reason for the extensive delay in responding to Petitioner's administrative appeal.

3

November 24, 2024. Petitioner thereafter filed a petition for review with this Court.[4] (C.R. at 81-92.)

## Discussion

On appeal,[5] Petitioner argues that the Board erred in: (1) improperly modifying a judicially-imposed maximum sentence and improperly denying him credit for time spent in good standing on parole; (2) recommitting him to a period of backtime in excess of the presumptive range; and (3) forcing him to serve his new sentence before his original sentence.

### Modification of Maximum Sentence/Credit for Time at Liberty on Parole

Petitioner first argues that the Board erred in improperly modifying a judicially-imposed maximum sentence and improperly denying him credit for time spent in good standing on parole. We disagree with the former but agree with Petitioner's latter argument.

With respect to the modification of his maximum sentence, Petitioner argues that the Board does not have the authority to alter a judicially-imposed sentence and that any detention beyond the original maximum sentence date constitutes cruel and unusual punishment and an *ex post facto* violation. However, both our Supreme

---

[4] While Petitioner's petition for review and brief reflect that he is appealing from the Board's prior 2016 decisions and its April 28, 2017 decision, presumably because the Board referenced the earlier decisions in its latest decision, any appeal from those earlier decisions is untimely and not properly before this Court. The only matter properly on appeal is the Board's April 28, 2017 decision.

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

Court and this Court have previously considered and rejected such arguments. *See Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980); *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843 (Pa. 1979); *Monroe v. Pennsylvania Board of Probation and Parole*, 555 A.2d 295 (Pa. Cmwlth. 1989); *Bellamy v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 439 C.D. 2014, filed May 7, 2015).

With respect to the denial of credit for time spent in good standing on parole, Petitioner argues that the Board failed to consider whether he should receive such credit, and failed to provide specific reasons for denying the same, in violation of section 6138(a)(2.1) of the Prison and Parole Code, 61 Pa.C.S. §6138(a)(2.1). Section 6138(a)(2.1) states that:

> The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
> >
> > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. §6138(a)(2.1). The Board does not allege that either of these exceptions apply herein.

Our Supreme Court recently discussed section 6138(a)(2.1) of the Parole Code in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). In *Pittman*, the Court held that section 6138(a)(2.1) clearly and unambiguously

5

granted the Board discretion to award credit to a convicted parole violator recommitted to serve the remainder of his sentence. 159 A.3d at 473. The Court explained that simply checking a "No" box on a standard hearing form does not constitute a proper exercise of the Board's discretion, as such action "renders appellate review a mere empty formality" and fails to comport with "basic notions of due process." *Id.* at 474. Hence, the Supreme Court directed that the Board must articulate the basis for its decision to deny credit to a convicted parole violator for time served at liberty on parole. *Id.* In the present case, the Board concedes that it failed to comply with *Pittman* and provide Petitioner with specific reasons for denying him this credit. The Board requests that the Court remand this matter for further explanation consistent with *Pittman*, and we shall grant a limited remand in this regard.

## Presumptive Range

Next, Petitioner argues that the Board erred in recommitting him to a period of backtime in excess of the presumptive range. We disagree.

While Petitioner is correct that the Board's regulations provide a presumptive range for recommitment based upon a conviction for simple assault of 9 to 15 months,[6] these regulations further provide that the Board "may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given." 37 Pa. Code §75.1(c). Additionally, these regulations state, "The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision." 37 Pa. Code §75.1(b).

---

[6] 37 Pa. Code §75.2.

6

In this case, the Board clearly exceeded the presumptive range, but it provided written justification for the same, citing Petitioner's continued violent convictions. Indeed, the record in this case reveals the following: Petitioner's original voluntary manslaughter conviction, with provocation by victim; a detainer from the state of New York for attempted robbery in the 2nd degree; an arrest for public drunkenness in August 2014, following a physical altercation with his ex-girlfriend; and the latest conviction for simple assault which was described in a criminal complaint as Petitioner stomping the face and torso of a victim several times during an attempted robbery in the victim's apartment and ransacking that apartment looking for money. Hence, we cannot say that the Board erred in exceeding the presumptive range of recommitment.

### Service of Sentence

Finally, Petitioner argues that the Board erred in forcing him to serve his new sentence before his original sentence. However, the Board contends that Petitioner waived this argument by failing to raise it in his administrative appeals. We agree with the Board that this argument was not raised. Hence, it is waived. *See Newsome v. Pennsylvania Board of Probation and Parole*, 553 A.2d 1050, 1052 (Pa. Cmwlth. 1989) ("It is well-settled that failure to raise an issue before the Board results in a waiver and precludes this Court from review.").

However, even if not waived, Petitioner's argument would fail. Section 6138(a)(5) of the Parole Code addresses new sentences, providing as follows:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. §6138(a)(5).

In this case, Petitioner was paroled from a state correctional institution, and the record reveals that his new sentence was a county sentence. Consistent with section 6138(a)(5)(iii), Petitioner was required to serve his new sentence prior to serving the remainder of his original sentence.

## Conclusion

The recalculation of Petitioner's maximum sentence date did not constitute an alteration of a judicially-imposed sentence and did not violate the prohibitions against cruel and unusual punishment or *ex post facto* laws. However, the Board did err to the extent that it failed to give specific reasons for refusing to grant Petitioner a credit for time spent in good standing on parole, which is required by *Pittman*. The Board provided sufficient written justification for imposing backtime beyond the presumptive range for his simple assault conviction. Additionally, because Petitioner's new sentence was a county sentence, the Board did not err in requiring Petitioner to serve his new sentence prior to serving the remainder of his original sentence.

8

Accordingly, the decision of the Board, insofar as it failed to give specific reasons for refusing to grant Petitioner a credit for time spent in good standing on parole, is vacated. The matter is remanded to the Board for the limited purpose of providing an explanation for this refusal consistent with *Pittman*. In all other respects, the Board's decision is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harvey Hoover,                         :
                    Petitioner          :
                                        :    No.  609 C.D. 2017
            v.                          :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :
                    Respondent          :

## ORDER

AND NOW, this 14th day of December, 2017, the decision of the Pennsylvania Board of Probation and Parole, dated April 28, 2017, is affirmed in part and vacated and remanded in part consistent with this opinion.

Jurisdiction retained.

_____
PATRICIA A. McCULLOUGH, Judge